OPINION — AG — ** PUBLIC TRUST — RETAIL OUTLET ** (1) THE GOVERNING BODY OF A CITY OR TOWN, ACTING AS TRUSTEES OF A PUBLIC TRUST UNDER 60 O.S. 176 [60-176] ET SEQ., IS PROHIBITED BY 60 O.S. 178.4 [60-178.4], FROM AUTHORIZING THE TRUST TO ISSUE REVENUE BONDS TO FINANCE THE CONSTRUCTION OF A MOTEL AND RESTAURANT PROJECT, UNLESS THE PROJECT IS INCIDENTAL TO AND WILL BE OPERATED AS AN ADJUNCT OF AN INDUSTRIAL, MANUFACTURING, CULTURAL, RECREATIONAL, PARKING, TRANSPORTATION OR AIRPORT FACILITY, WHICH IS A QUESTION OF FACT. (2) THE LESSEES OF A PUBLIC TRUST FINANCED HOTEL AND MOTEL PROJECT MAY 'NOT' RECEIVE AN EXEMPTION FROM AD VALOREM TAXATION FOR ANY LENGTH OF TIME. (3) THE FOREGOING QUESTIONS WOULD BE ANSWERED THE SAME WHETHER THE BENEFICIARY OF THE TRUST WERE A CITY OR A COUNTY. (4) UNDER THE OPEN MEETING ACT, 25 O.S. 310 [25-310] ET SEQ., THE PURPOSE OF THE NOTICE REQUIRED BY 25 O.S. 311 [25-311](9) OF THE ACT IS TO PROVIDE THE PUBLIC WITH ADVANCE NOTIFICATION OF THE DATE, PLACE AND TIME FOR ALL REGULARLY SCHEDULED MEETINGS FOR A PUBLIC BODY; AND THE PURPOSE OF THE NOTICE REQUIRED FOR SPECIAL MEETINGS IS THE SAME, BUT THE SPECIAL MEETING NOTICE MUST ALSO CONTAIN AN AGENDA FOR THE MEETING. (5) THE FUNCTION OF AN AGENDA FOR A MEETING OF A PUBLIC BODY IS TO PROVIDE THE PUBLIC WITH A FACTUAL EXPLANATION OF MATTERS TO BE TAKEN UP AT A MEETING OF THE PUBLIC BODY. (OPEN MEETING, DEFINITIONS, CORPORATION, WHOLESALE OUTLET, FEDERAL FAIR LABOR, MUNICIPALITY) CITE: OPINION NO. 81-141, OPINION NO. 79-168, 60 O.S. 178.4 [60-178.4], 60 O.S. 176 [60-176] ET SEQ., 25 O.S. 301 [25-301], 25 O.S. 311 [25-311](11) 25 O.S. 311 [25-311](9) (FLOYD W. TAYLOR) ** SEE OPINION NO. 90-604 (1990) ** SEE OPINION NO. 90-629 (1990)